[Tuscarawas (5th) Court of Appeals, February 6, 1919.]

Powell, Houck and Shields, JJ.

*NEWCOMERSTOWN (VIL.) v. CONSOLIDATED GAS CO. ET AL.

1. Gas Franchise Expired Imposes no Obligation to Supply Village.
   A franchise, whereunder a gas company furnished gas to a village and its inhabitants for a specified number of years, becomes at the expiration of the term named an indeterminate franchise, under which the company is not bound to continue to supply gas, but if it elects so to do the rate charged must be the same as during the period in which the franchise was in force.
2. Adoption of Subsequent Ordinance Granting Renewal of Franchise but on Different Terms not Repeal of Former Ordinance.
   The adoption by the village of a second or third ordinance, granting a renewal of the first ordinance but on different terms, does not repeal the first ordinance by implication and does not become binding upon the company until accepted by it.
3. Injunction does not Lie to Compel Gas Company to Continue Service under Unaccepted Franchise.
   It follows that where the gas company has not accepted the terms provided in the second franchise, it is at liberty to terminate its connection with the village at any time it sees fit to remove its property therefrom, and an action does not lie to enjoin the discontinuance or an impairment of the service.

APPEAL.

## POWELL, J.

The plaintiff is the village of Newcomerstown, Ohio, a municipal corporation, and the defendant, Consolidated Gas Co., is a corporation which has been and now is furnishing gas to consumers in that village. It is alleged that the defendant, Walker & Co., have some interest in the property of the other defendant, the gas company.

---

*Affirmed *Newcomerstown v. Consolidated Gas Co.*, 100 O. S. 494.

Plaintiff seeks by this action to enjoin the defendant gas company from discontinuing or in any way impairing its service of gas to the said village and the inhabitants thereof. The gas company claims the right to discontinue its service to said village and to withdraw and remove its property therefrom. The legal rights of the parties, so far as this case is concerned, and their relations to each other are fixed and determined by four separate ordinances passed by the council of said village. The first of said ordinances was passed August 15, 1904, and granted to the Consolidated Gas Co. the right or franchise to use the streets of said village in the operation of its gas plant. No question is made as to the legal effect of its terms or as to the service rendered by the defendant gas company under its provisions and terms. This ordinance was accepted in writing by the plaintiff. It is admitted that under the provisions of this ordinance the defendant gas company installed its plant in the village and performed the service required of it by said ordinance until the termination of the time fixed by it for service, at the specified rate provided by such ordinance, namely, ten years. It is claimed on the part of the gas company that it continues in the streets of said village, and renders the service that it has rendered to the present time, under the provisions of this ordinance.

The second ordinance was passed by the council of said village in April, 1905, and provided a modification for some of the provisions in the first ordinance mentioned. It also extended the term for which service might be rendered under the rate fixed to ten years after the passage of said second ordinance. This was also accepted in writing by said plaintiff. No question is made that the gas company performed the conditions and carried out the terms imposed by said second ordinance in said village. The ten year period, for which rates were fixed, expired in April, 1915, and the defendant gas company continued in the operation of its gas plant in furnishing gas to said village and other consumers, under said ordinance, until a new ordinance was passed in October, 1915. This ordinance was passed by the council of said village on October 4, 1915, but the same was never accepted in writing by the defendant gas company; and it is contended on the part of the plaintiff that, by the conduct of the gas company relative to said ordinance, an implied

contract arises thereunder in favor of the village, by which the gas company was bound to continue to furnish gas to said village and residents thereof on the terms proposed in said third ordinance, while it is contended on the part of the defendant gas company that said ordinance is without any legal effect; that its terms and provisions were never accepted by it, and no contract arose by reason thereof between it and the said village.

The fourth ordinance mentioned was passed by the council of the village of Newcomerstown in August, 1918. There is no contention but that the gas company entered the village of Newcomerstown under the terms and provisions of the ordinance of August, 1904, and continued under the second ordinance passed in April, 1905, as modified, until the end of the ten year period, for which rates had been fixed. It is contended on the part of the gas company that its tenure continued under said ordinances after the ten year period for which rates were fixed, had expired, and that it had never consented or agreed to the terms and conditions of any other ordinance passed by the council of said village and that, so far as its legal rights in said village were concerned, it is governed by the provisions of said two ordinances only.

The court is of opinion that this contention is well taken; that the franchise granted by the first ordinance mentioned is not limited as to time but is indeterminate in duration and constitutes an express contract when accepted, for ten years, the rate or price of gas having been fixed and agreed to for that period; that the ordinance passed in October, 1915, was only in the nature of a proposal to a contract yet to be made, which would necessarily have to be accepted by the party to whom the proposal was made, in order to constitute a valid and binding contract. This acceptance never took place either actually or by implication. The record discloses that the officers of the gas company appeared before the council in session and notified them that the terms and conditions of such ordinance would not be accepted by said company, and it is admitted that they were never accepted in writing by the gas company. Said village, however, contends that the ordinances of 1904 and 1905, were repealed by implication, by the ordinance of October, 1915. It is a universal rule that repeals by implication are not favored,

and only occur in case of direct conflict, or repugnancy, existing between two ordinances or statutes, in which case the first ordinance is repealed to the extent of such conflict or repugnancy. No such conflict or repugnancy is found in the ordinance mentioned.

The gas company, however, filed a schedule of rates, as required by the public utilities act, with the public utilities commission, and service was continued by it at the new rate without reference to any of the terms, conditions or provisions of said ordinance of October, 1915, and the company continued to operate under this arrangement until the fourth ordinance was passed in August, 1918. This ordinance was not intended to establish a contract between the village and the gas company, but simply provided a regulation on the part of the village by which any person might supply gas to said village or to the inhabitants or other consumers thereof, at the rate of 47c per thousand cubic feet, which was largely in excess of any rate that had before that time been in use in said village. After this ordinance was passed, the gas company again filed a schedule of rates, fixing the same rate that the ordinance had fixed, at which it would supply gas to said village and such others as might desire its use.

It is contended on the part of the village that the ordinance of October, 1915, repealed the ordinances of 1904 and 1905, and that by reason of the continuance of the gas company in supplying gas to said village, it in effect or by implication adopted the ordinance of 1915, and that it thereby became and is now the basis of the legal rights of the parties to this action.

The majority of the court is of opinion that the village could not enter into a contract by implication under the circumstances shown by this record; that the gas company's entry into said village was under the ordinances of 1904 and 1905; that no direct repeal of said ordinances has ever been made; that the franchise granted by said ordinances of 1904 and 1905, became, after the expiration of the ten year period, a contract at will, that might be terminated by either party to the contract at any time that such party saw fit to withdraw therefrom; and that such rights as the gas company has in the streets of said village and under

Newcomerstown v. Consolidated Gas. Co.

said contract are referable solely to the ordinances for 1904 and 1905.

It is further contended on the part of plaintiff that the action of the gas company in filing its schedule of rates after the passage of the last two ordinances named, constituted an acceptance of the terms of said ordinances on the part of said gas company, under the provisions of Sec. 614-44 G. C., which provides that the filing of a complaint by a public utility under the provisions of said Sec. 614-44 would constitute in effect an acceptance of the terms of said ordinances; that by reason of having filed a schedule of rates after the passage of the third and fourth ordinances mentioned, it would be bound by their terms for the period, at least, provided by said ordinances.

The court is of opinion that the filing of the schedule of rates under said two ordinances was not in the nature of a complaint, as contemplated by said Sec. 614-44, but was rather the filing of a rate as provided by other sections of said Public Utilities act, and that it did not, in the circumstances, constitute an acceptance of the terms and conditions of said ordinances of October, 1915, and August, 1918; but that the gas company, from the time it entered said village until the commencement of this action, was there solely under the terms and conditions of the ordinances of 1904 and 1905; and that, as held in the 81 O. S., 33, it became and was an indeterminate franchise after April, 1915, when the ten year period, during which rates were fixed by said two ordinances, was terminated.

We are of the opinion that on the record shown in this case the defendant gas company has the right to terminate its connection with said village and remove its property therefrom at any time it may see fit to do so; that it is bound, however, while it remains in said village, to supply gas according to the terms of the original contract or by the terms and conditions of the ordinances of 1904 and 1905.

It follows from this finding that the plaintiff is without legal standing in this court and is not entitled to the relief prayed for in its petition.

It further follows that the petition should be dismissed at the costs of the said plaintiff and such order may be entered.

HOUCK, J., concurs.

SHIELDS, J., dissents.